*2258 Justice KENNEDY, concurring.
The Court's opinion is required by its precedents, and so I join it, with one reservation set forth below.
In no uncertain terms, the Court has held that the word "burglary" in the Armed Career Criminal Act (ACCA) "refers to the elements of the statute of conviction, not to the facts of each defendant's conduct." Taylor v. United States, 495 U.S. 575, 601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). An enhancement is proper, the Court has said, if a defendant is convicted of a crime "having the elements" of generic burglary, "regardless of its exact definition or label" under state law. Id., at 599, 110 S.Ct. 2143. See also Descamps v. United States, 570 U.S. ----, ----, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013) ("[T]he categorical approach's central feature [is] a focus on the elements, rather than the facts, of a crime"). In the instant case, then, the Court is correct to conclude that "an elements-based approach remains the law." Ante. at 2255. And it is correct to note further that it would "introduce inconsistency and arbitrariness into our ACCA decisions by here declining to follow its requirements," without reconsidering our precedents as a whole. Ibid.
My one reservation to the Court's opinion concerns its reliance on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ante at 2252. In my view, Apprendi was incorrect and, in any event, does not compel the elements based approach. That approach is required only by the Court's statutory precedents, which Congress remains free to overturn.
As both dissenting opinions point out, today's decision is a stark illustration of the arbitrary and inequitable results produced by applying an elements based approach to this sentencing scheme. It could not have been Congress' intent for a career offender to escape his statutorily mandated punishment "when the record makes it clear beyond any possible doubt that [he] committed generic burglary." Post, at 2270 (opinion of ALITO, J.). Congress also could not have intended vast sentencing disparities for defendants convicted of identical criminal conduct in different jurisdictions.
Congress is capable of amending the ACCA to resolve these concerns. See, e.g., Nijhawan v. Holder, 557 U.S. 29, 38, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009) (interpreting the language Congress used in 8 U.S.C. § 1101(a)(43)(M)(i) as requiring a "circumstance-specific" rather than categorical approach). But continued congressional inaction in the face of a system that each year proves more unworkable should require this Court to revisit its precedents in an appropriate case.